(No. 76-CC-0391—)

Jimmie Brown, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed April 30, 1980.*

Arthur D. Zussman, for Claimant.

William J. Scott, Attorney General (Carl J. Klein, Assistant Attorney General, of counsel), for Respondent.

Holderman, J.

Claimant in this cause filed his claim against the State of Illinois by reason of an accident which occurred on September 21, 1973. At that time, Claimant was a prisoner in custody as an inmate at the Illinois State Penitentiary, Stateville Branch, Joliet, Illinois.

Claimant testified that on September 21, 1973, he had been assigned to a special work detail in the sheet metal shop although that was not his customary work. On that date, he was requested to move a piece of pipe 20 feet long and two inches in diameter from a stack of pipes measuring approximately six feet in height and approximately ten to 12 feet in width. Claimant alleges that the pipes were not properly braced, were improperly supported, improperly stacked, oily, wet and rusty, and that they suddenly separated, striking Claimant in the left hand causing a crushing injury to his left finger as he attempted to pick up a section of pipe from the stack.

Claimant further testified that he had moved pipes from the stack some four or five days before the injury.

After the injury, Claimant was taken to the prison hospital where his finger was x-rayed and bandaged. No other treatment was given to Claimant until approximately 40 days later when he was taken to St. Joseph's

Hospital in Joliet, Illinois, where surgery was performed on the left ring finger and immediately returned to the prison hospital where he received medication for pain.

Claimant testified that he still suffers pain to the left hand as a result of the injury and that he has lost partial use of said hand. The medical report in the file shows that "the alignment of the ring finger and all fingers of the left hand is excellent. There is no intrinsic atrophy or weakness."

Claimant having failed to sustain a burden of proof that he was free from contributory negligence, this claim is hereby denied.